UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY TEAGUE, JR.,

Petitioner,

v.

GENESEE COUNTY SHERRIFF OFFICE, et al.,

Respondents.
_____/

Case No. 22-cv-10255

U.S. District Court Judge
Gershwin A. Drain

### OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On February 8, 2022, Petitioner Larry Teague, Jr., incarcerated at the Genesee County Jail in Flint, Michigan, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He subsequently filed two Motions to Recuse Judge Brian Pickell, ECF Nos. 3, 5, who sits on the 7th Judicial Circuit of Michigan. For the reasons stated below, the Petition for a Writ of Habeas Corpus (ECF No. 1) is **SUMMARILY DISMISSED WITHOUT PREJUDICE** and the Motions to Recuse Judge Pickell (ECF Nos. 3, 5) are **DENIED AS MOOT**.

1

The petition for a writ of habeas corpus must be dismissed because it fails to specify whether Petitioner has been convicted of any offense and does not allege any facts which show that Petitioner is being detained in violation of the federal constitution. *See generally* ECF No. 1.

A petition for a writ of habeas corpus must allege facts that establish a cause of action under federal law, or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Additionally, Federal courts are authorized to summarily dismiss any habeas petition that is legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). Thus, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996). A petition is subject to summary dismissal "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *Crump v. Lafler,* 657 F.3d 393, 396, n. 2 (6th Cir. 2011) (quoting Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); *see also Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999).

The Sixth Circuit "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). Therefore, a

2

district courts in this Circuit screen out any habeas corpus petition which is meritless on its face. *Id.* at 141.  A response to a habeas petition is unnecessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without considering a return by the state. *Id.*

Petitioner's habeas application appears to raise the following claims: (1) the Fifth Amendment states that no person shall be required to answer for a crime unless an indictment has been issued by a grand jury, (2) the State of Michigan does not have jurisdiction to prosecute him, (3) the State of Michigan violates the Supremacy and the Privileges and Immunities Clauses of the Federal Constitution by not granting its citizens the same constitutional rights that are guaranteed to citizens in other states, (4) Petitioner's current incarceration is in violation of the 13th Amendment's prohibition on slavery or involuntary servitude, and (5) the charges against him are fraudulent and illegal. ECF No. 1.  Petitioner does not specify whether he has been convicted of any criminal charges, nor does he state any facts which would support his claims that his detention is unconstitutional.

Conclusory allegations in a habeas petition, without evidentiary support, do not provide a basis for habeas relief.  *Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002).  A mere "boiler-plate assertion" that a petitioner's conviction contains some unspecified flaw does not equate to a valid claim that a federal district court

3

should research and consider. *See Gardner v. Norris*, 949 F. Supp. 1359, 1368 (E.D. Ark. 1996). As such, dismissal of a habeas petition under Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 "is appropriate when a petition and accompanying pleadings are unintelligible and a court is unable to determine what alleged errors of fact or law are at issue for adjudication." *Arega v. Warden, Chillicothe Corr. Inst.*, 347 F. Supp. 3d 359, 361 (S.D. Ohio 2018).

Although Petitioner alleges that several constitutional provisions are being violated, he fails to allege any facts that support those claims. The habeas petition is deficient because it does not identify the name of the state court that convicted Plaintiff, the date he was convicted, the offenses for which he was convicted, nor does it allege facts about how any state court conviction that Petitioner may be seeking to challenge violated the Constitution or federal law. "The petition in this case, even liberally construed, alleges no facts at all, let alone facts that would support a claim that Petitioner was convicted in violation of the Constitution or laws of the United States." *Id.* The current petition is subject to dismissal because it is incoherent and unintelligible. *Id.*; *see also Edwards v. Johns,* 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006) ("In the present case, much, if not all, of the habeas petition is illegible and unintelligible. As a result, this Court is unable to discern the nature of Petitioner's habeas claims; the Court has no way to ascertain the errors of fact or

4

law that may be raised in Petitioner's filing. Consequently, the petition is subject to dismissal."). Accordingly, the Court will summarily dismiss the petition for a writ of habeas corpus.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, the court should issue a certificate of appealability if the petitioner shows that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

5

For the reasons stated above, the Court denies Petitioner a certificate of appealability because his petition is unintelligible—i.e., Petitioner has not stated a valid claim of the denial of constitutional right and reasonable jurists would not find it debatable whether the Court erred in its procedural ruling. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See id*.

Accordingly, **IT IS HEREBY ORDERED** that the petition is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability or leave to appeal *in forma pauperis.*

**IT IS FURTHER ORDERED** that Petitioner's Motions to Recuse Judge Pickell (ECF Nos. 3, 5) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: April 20, 2022

6

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 20, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager